IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, | |
| *Plaintiff*, | Civil Action |
| v. | Case No. |
| | Sec. |
| MARK STERN and GRUBB YOUNG & CO., | Judge |
| | Mag. |
| *Defendants*. | |

# COMPLAINT

Now into Court comes the Board of Commissioners of the **Port of New Orleans** ("Plaintiff"), who files this Complaint against **Mark Stern** and **Grubb Young & Co.** ("Stern" or, collectively, "Defendants") as follows:

### JUSDICTION, VENUE, AND PARTIES

1. This United States District Court has jurisdiction under 15 U.S.C. § 1121 for claims under the Lanham Act (15 U.S.C. § 1051, *et seq.*); jurisdiction under 28 U.S.C. § 2201(a) for declaratory judgment; and supplemental jurisdiction under 28 U.S.C. § 1367 for state-law claims, under Louisiana Trademark Law, La. R.S. 51:211, *et seq.*, the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*, and Louisiana Civil Code Article 2315, arising from the same transactions or occurrences and implicating the same questions of fact and related questions of law.

2. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391, where the Defendants are conducting commerce in Southeastern Louisiana.

**Plaintiff**

3. The Board of Commissioners of the Port of New Orleans ("Board"), a political subdivision of the State of Louisiana, was created by the Louisiana legislature in 1896 to administer the State's public wharves and regulate domestic and international trade and traffic in the jurisdictions of Orleans, Jefferson, and St. Bernard Parishes. Acts 1896, No. 70, as amended by Acts 1900, No. 36, and Acts 1915, Ex.Sess., No. 14. The Louisiana Constitution of 1921 in Art. 6, Section 16 first stated the powers and authority of the Board. Later amendments to the Louisiana Constitution have ratified and confirmed the Board's powers and functions. The rights and powers enumerated in these acts are now found in general at Louisiana Statutes Annotated, Revised Statute, 34:1 *et seq*. The Board maintains its current offices at 1350 Port of New Orleans Place, New Orleans, LA 70130, Orleans Parish, and P.O. Box 60046 New Orleans, Louisiana 70160, and is Plaintiff here.

**Defendants**

4. **Mark "Mend" Stern** is an individual, upon information and belief, domiciled at 3763 Violet Rose Ct, Las Vegas, NV 89147, and is made Defendant here. It is also upon information and belief that Defendant Stern may go by the aliases Mark Stern, Mend Stern, Menachem Stern, and Menachem M. Stern.

5. **Grubb Young & Co** is a corporation that, upon information and belief, has its principal place of business at 3763 Violet Rose Ct., Las Vegas, NV 89147, and is made Defendant here.

**Federal Law**

6.     The Trademark Act of 1946, as amended, called the Lanham Act, codified at 15 USC § 1051, *et seq.*, governs registered and unregistered trademarks and unfair competition.

7.     Registration of federal trademarks is administered by the United States Patent and Trademark Office ("USPTO").

8.     Trademark rights, as provided in Lanham Act § 45 (15 USC § 1127), arise by exclusive use in commerce, and can be negated, abandoned, or lost by non-use or non-exclusive use.

9.     False assertion of a trademark, whether or not federally registered, including false assertion of state-registered or common-law trademarks, is unfair competition or trade practice under Lanham Act Section 43(a) (15 USC § 1125(a)).

10.     Under Lanham Act § 37 (15 USC § 1119), this District Court may properly determine whether Port of New Orleans own the respective trademark rights claimed, and may enter an order that any trademark is valid or invalid, or that any registration should be validated or cancelled by the USPTO.

**Louisiana Law**

11.     Louisiana state-law trademarks are governed by La. R.S. 51:211, *et seq.*

12.     False assertion of a trademark is unfair competition or trade practice under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*, and is also actionable under Louisiana Civil Code Article 2315.

**BACKGROUND**

13.     The Board of Commissioners of the Port of New Orleans has used the tradename, trademark, and service mark "PORT OF NEW ORLEANS" and words, logos, and artwork associated therewith (hereinafter the "Name" or "Mark") since at least 1991. However, the

Board has been identified as the Port of New Orleans since 1896 when it was first created by the Louisiana legislature, as described herein.

14. Since 1896, the Port of New Orleans has continuously engaged in activities to further the development of its wharves, facilities, and terminals.  Over a period of almost one hundred and twenty years, in accordance with state and federal law, the Board has regulated and administered the public wharves, docks, sheds, and landings which it owns and/or operates.  In doing so it has constructed new wharves and other structures, maintained such structures, imposed tariffs for use of such structures, and provided police protection and other services for such structures.  Pursuant to Act No. 244 of 1914, adopted as a constitutional amendment to the Constitution of 1913, the Board was authorized to "dig, build, erect and operate a navigation canal in the City of New Orleans …to connect Lake Pontchartrain and the Mississippi River in aid of commerce."   Such canal is now known as the Inner Harbor Navigation Canal, or, alternatively, the Industrial Canal.  Throughout its history, the Louisiana legislature has authorized various bond issues by the Board to enable it to carry out its mandate to regulate the commerce and traffic of the Port in such a manner as it may in its judgment be best for its maintenance and development.   In doing so it has acquired real estate, permits, financing, and other government approvals and support necessary to develop the Port.  The Port of New Orleans has received funding from federal and state governments.  The Port of New Orleans has transacted all of its business since 1896 with its statutorily designated name the "Port of New Orleans."

15. In conducting all of its activities the Port of New Orleans has prominently displayed the Name and Mark on office fronts, letterhead, bills, business cards, brochures, checks, vehicles, and website domains.  The Port of New Orleans distributed such materials in

interstate commerce at least as early as it first came into existence.  For example, at least as early as 1913, the Port of New Orleans distributed brochures detailing activities of the Port.  Such brochures prominently featured the Name and Mark of the Port of New Orleans, and displayed the title "Facts About the Port of New Orleans."  *See* Ex. A to this Complaint.  The Port of New Orleans has continued such publications throughout the years, all of which clearly feature the Name and Mark of the Port of New Orleans.  *See*, *e.g.*, Exs. B and C to this Complaint.

16. In its operation, the Port of New Orleans also regularly published and disseminated to the public ordinances regarding their revenues in the state of Louisiana.  Such publications were made available at least as early as 1915.  *See* Ex. D to this Complaint.

17. The Board of Commissioners also played an active role in publicizing the activities of the Port of New Orleans in the early twentieth century.  For example, the Board published "The Industrial Canal and Inner Harbor of New Orleans: History, Description and Economic Aspects of Giant Facility Created to Encourage Industrial Expansion and Develop Commerce" in 1921 to inform the public of the advantages the Port of New Orleans was developing in the city.  *See* Ex. E to this Complaint.  The Board also circulated publications in the city of New Orleans that displayed their own names and identities to the public to promote the activities of the Port.  *See*, *e.g.*, Exs. F, G, and H to this Complaint.

18. The Port of New Orleans is a deep-draft multipurpose landlord port at the center of the world's busiest port system – Louisiana's Lower Mississippi River. It is a landlord port, with terminal operators leasing their facilities from the Port on the Mississippi River and other corporate tenants leasing their industrial facilities from the Port on the Inner Harbor Navigation Canal.  The Port of New Orleans is America's most intermodal port, serviced by more than fifty

ocean carriers, sixteen barge lines, and seventy-five truck lines, in addition to six Class 1 railroads.

19.     The Port of New Orleans is the United States' only deep-water port which is served by six major railroads, which give it cost-effective rail service to destinations throughout the country. These six railroads are linked by the New Orleans Public Belt Railroad, a 25 mile long railroad, whose primary mission is to serve the Port and its tenants.

20.     On October 15, 2006, the Port opened the Erato Street Cruise Terminal and Parking Garage Complex.  Large investments of time and money have been expended to develop the Port, Cruise Terminal, and Parking services with the name Port of New Orleans.  The cruise terminal can accommodate the business of several well-known cruise ship lines, including Carnival, Norwegian, and ACCL, which carry thousands of cruise guests a day.  The Parking Garage Complex was created to accommodate the motor vehicles of the visitors.  It was specially designed to provide convenient direct terminal access in a safe, gated environment for the cruise guests.  Plaintiff uses its bond financing and the revenue derived from the parking garage services for upkeep of the Cruise Terminal and garage facilities.  The Port of New Orleans has continuously engaged in this business since 1991.

21.     At present, the Port's facilities include 20 million square feet of cargo handling area, more than 3.1 million square feet of covered storage area, and 1.7 million square feet of cruise and parking facilities.   The Port's cargo activities generate 160,000 direct and indirect jobs and $17 billion in spending statewide.  In 2014, $406 million in cruise line spending supported 8,129 jobs in Louisiana.

22.     Cargo worked at the Port's public docks in 2014 totaled 8.37 million tons, the highest total since 2000, and up 28 percent compared to the prior 12-month period. Imported

steel and container cargo led the growth, as imported iron and steel rose 101.6 percent in the 12-month-period to 3.54 million tons. Overall breakbulk tons totaled 3.76 million tons, up 51.7 percent, and container tons topped 4.61 million tons, up 13.5 percent compared to the prior year.

23. In 2014, total port-wide cargo, which includes midstream operations, export grain and private tonnage within the Port's three-parish jurisdiction also rose 27.68 percent to 31.05 million tons. Many of the Port's top commodities realized healthy gains as well.

24. In 2014, export poultry grew by 5.5 percent to 331,523 tons, and imported bananas grew by 251 percent to 72,165 tons, despite only seven weeks of cargo delivered by Chiquita Brands LLC, who returned to the Port in October of 2014.

25. The Port of New Orleans set records for container traffic and 1,014,325 cruise passengers in 2014. To stay ahead of market demand, the Port has invested more than $100 million in capital improvement projects since 2012, and has a Master Plan to expand the Napoleon Avenue Container Terminal to 1.5 million TEU capacity. It has undergone four different configurations to adapt to the growing sizes of the cruise ships and demand to serve as a home port for various cruise line ships. Plans for a third state-of-the-art cruise terminal are also in development.

26. "Port of New Orleans" is the legitimate trade name of the Port of New Orleans.

27. "Port of New Orleans" Name and Mark is distinctive as applied to the Plaintiff's business.

28. No later than 1991, the Port of New Orleans began to use its trade name on its signage, equipment, vehicles, advertising, and literature, comprising the name "Port of New Orleans." However, as indicated herein, the Port of New Orleans has been operating with this name since its creation in 1896.

29. Port of New Orleans has continuously used that trade name from 1991 to the present.

30. Alternatively, the name "Port of New Orleans" has developed a secondary and distinctive meaning such that it has become associated in the public's mind with the Plaintiff since its creation in 1896. It has been cited and referenced in news articles such as The Daily Picayune, a predecessor to The Times Picayune, dating back as early as January 1897.

31. In the last few years there have been multiple companies competing for the Port's cruise passengers parking business. Often times these companies have had their employees stand in the street with signage directing the Port's cruise passengers to their private parking facilities and deterring them from proceeding to the Port's Erato Street parking garage. *See*, *e.g.*, Ex. I.

## Plaintiff Port of New Orleans Federal Registrations

32. Plaintiff owns United States Service Mark Registration No. 3,650,156 on THE PORT OF NEW ORLEANS (stylized and/or with design) for operation of a commercial shipping port and harbor, in Class 039 (Transportation and Storage Services), first use and first use in commerce 1993, which was registered on July 7, 2009 from application Serial No. 77/604,252, filed on October 30, 2008. A true and correct copy of this registration is attached as Ex. J.

33. The following represents the registered service mark (Reg. No. 3,650,156) of The Port of New Orleans:



34. The USPTO Registration Certificate Reg. No. 3,650,156 (Ex. J) describes the design portion of the mark as follows: "The mark consists of sketch of a ship and wave." The word portion of the mark consists of the words "Port of New Orleans."

35. Plaintiff also owns United States Service Mark Registration No. 4,715,219 for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for operation of a commercial shipping port and harbor in Class 039 (Transportation and Storage Services), with first use and first use in commerce in 2014, which was registered on April 7, 2015 from application Serial No. 86/331,379, filed on July 8, 2014. A true and correct copy of this registration is attached as Ex. K.

36. The following represents Plaintiff's service mark of Reg. No. 4,715,219 (Ex. K):



37. The USPTO Registration Certificate (Ex. k) for the service mark of Reg. No. 4,715,219 describes the mark as follows: "The mark consists of a fleur de lis with a wave through its center. Underneath are the words "PORT NOLA THE PORT OF NEW ORLEANS." The word portion of the mark consists of "PORT NOLA THE PORT OF NEW ORLEANS."

38. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for magnetic decals in International Class 16 on May 21, 2015; the application is now pending in the United States Patent and Trademark

Office under Serial No. 86/638,020. A true and correct copy of this application is attached as Ex. L.

39. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for door mats in International Class 27 on May 21, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/637,913.



The mark is described as follows: "The mark consists of a fleur de lis design with a line similar to a wave running through it located above fours lines of text, PORT on line one, NOLA on line two, THE PORT OF on line three, NEW ORLEANS on the last line." A true and correct copy of this application is attached as Ex. M.

40. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for door mats in International Class 27 on May 21, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/637,956.



The mark is described as follows: "The mark consists of a fleur de lis design with a line similar to a wave running through the design with two rows of text, PORT NOLA on the first line and THE PORT OF NEW ORLEANS on the second line." A true and correct copy of this application is attached as Ex. N.

41. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for writing pens in International Class 16 on May 21, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/637,883. A true and correct copy of this application is attached as Ex. O.

42. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for lanyards holding badges in International Class 22 on May 21, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/637,833. A true and correct copy of this application is attached as Ex. P.

43. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for clothing, namely, t-shirts, polo shirts, scarves, ties, caps, sun visors in International Class 25 on May 21, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/636,982. A true and correct copy of this application is attached as Ex. Q.

44. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for all-purpose reusable carrying bags in International Class 18 on May 20, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/636,969. A true and correct copy of this application is attached as Ex. R.

45. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for umbrellas in International Class 18 on May 20, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/636,951. A true and correct copy of this application is attached as composite Ex. S.

46. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for coffee cups and mugs in International Class 21 on May 20, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/636,936. A true and correct copy of this application is attached as composite Ex. T.

47. Plaintiff has applied for a trademark registration for PORT NOLA THE PORT OF NEW ORLEANS (stylized and/or with design) for clothing, namely, t-shirts, polo shirts, scarves, ties, caps, sun visors in International Class 25; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/636,925.



A true and correct copy of this application is attached as composite Ex. U.  The trademark of Serial No. 86/636925 is described as follows: "The mark consists of a fleur de lis design with a line similar to a wave running through it located above four lines of text, PORT on one line, NOLA on line two, THE PORT OF one line three, NEW ORLEANS on the last line."

**Conduct of Defendant Stern and Unauthorized Use of Mark**

48. On February 07, 2013 the Defendant corporation Grubb Young & Co registered the domain PortofNewOrleansParking.com (the "Website") with GoDaddy.com, LLC, a website domain provider, designating itself under its business domain Grubbyoung.com as the registrant. The website is titled "Southern Style and Great Rates at Port of New Orleans Parking." *See* Ex. V.

49. Defendant Mend Stern is the Founder and CEO of Grubb Young & Co, as indicated in its website Grubbyoung.com. *See* Ex. W.

50. Upon information and belief, Defendants are in the business of providing parking services under the PORT OF NEW ORLEANS brand name, in New Orleans, Louisiana.

51. Defendants regularly and consistently conduct advertising, marketing, and promotions of PORT OF NEW ORLEANS parking spaces within New Orleans through its authorized website provider including but not limited to GoDaddy.com, LLC for Website. Linked to the Website is social media twitter account @portorleanspark, which identifies itself as Port Of New Orleans, and can be found under the domain twitter.com/portorleanspark. *See* Ex. X.

52. Defendants do not own a registered United States Trademark relating to parking services or the above-mentioned activities.

53. Defendants do not have a pending application with the United States Patent and Trademark Office relating to parking services or the above-mentioned activities.

54. Based on representations, advertising, marketing, and promotions made by the Defendants, it is reasonably certain the Defendants have sold and/or will attempt to sell unauthorized services ("Unauthorized Services") bearing Plaintiff's registered Mark.

Defendants unauthorized use of the Mark is likely to cause confusion, mistake, and deception to potential purchasers of Defendant's Unauthorized Service.

55. Defendant's Unauthorized Services will be sold without commission or agreement of Plaintiff. Defendants have not obtained a license to sell the same.

56. Based on information and belief, Defendants have transacted and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to appropriate Plaintiff's rights in the Mark in this state and elsewhere in interstate commerce. Defendants continue to solicit business and earn and/or attempt to earn sums from Unauthorized Services sold in this state and elsewhere in interstate commerce.

57. Defendants have at all times relevant, had actual or constructive knowledge of Plaintiff's rights but have acted in complete disregard thereof. The Website attempts to disclaim affiliation with the Port of New Orleans. *See* Ex. Y. Defendants know, or should know, that their acts mentioned herein above and below, are in violation of the rights of the Plaintiff.

58. The Defendants' use of the name "Port of New Orleans Parking" to advertise parking services is in the same channel of trade as Plaintiff's services.

59. Plaintiff has two service mark registrations incorporating the words "Port of New Orleans," Reg. Nos. 3,650,156 and 4,715,219, with the dates of first use anywhere and in interstate commerce being as early as 1993 for the mark of Reg. No. 3,560,156. Plaintiff has continuously used the service marks since their respective dates of first use.

60. Plaintiff has two federal service mark registrations and ten pending trademark applications incorporating the words "Port of New Orleans" as shown in Exs. C through N ("Plaintiff's Marks").

61. Plaintiff does not intend to abandon Plaintiff's Marks.

62. There is no question that as between the parties, Plaintiff is the senior user of the term PORT OF NEW ORLEANS as applied to parking lot services (transportation services in Class 39).

63. Plaintiff suffered injury to its business and property, and damages, including but not limited to reputational injury, likelihood of consumer confusion, false connection, trademark dilution, as well as lost sales to potential and existing customers, who rely on Plaintiff as the provider of quality services in the field of transportation.

## FEDERAL CLAIMS

### Count 1, Lanham-Act Unfair Competition

64. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 63 of this Complaint.

65. The complained-of actions of Defendants Grubb Young & Co. and Mark Mend Stern have caused injury to Plaintiff, as set forth in detail above, and constitutes unfair competition under Lanham Act § 43(a) (15 USC § 1125(a)).

66. Plaintiff is entitled under Lanham Act § 35 (15 USC § 1117) to recover damages, enhanced damages, profits, and litigation costs from Defendants for the unlawful actions of unfair competition.

### Count 2, Lanham-Act Exceptional Case

67. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 66 of this Complaint.

68. Plaintiff is entitled under Lanham Act § 35 (15 USC § 1117) to recover reasonable attorney fees and treble damages for Defendants false or willful acts which make this case exceptional.

### Count 3, Lanham-Act Dilution

69. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 68 of this Complaint.

70. By Defendants' conduct in transacting business online, Defendants have committed injury to the business reputation of Port of New Orleans and have diluted the distinctive quality of Port of New Orleans superior mark in violation of Lanham Act 15 U.S.C. § 1051 *et seq.*

71. Plaintiff seeks to enjoin and restrain Defendant from using, practicing and enforcing Defendants' use of the term PORT OF NEW ORLEANS PARKING in connection with offering and/or operating parking services in commerce and damages resulting from its activities and attorneys and costs of this action.

### Count 4, Trademark Infringement

72. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 71 of this Complaint.

73. By Defendants' unauthorized use of the name PORT OF NEW ORLEANS and its marks and conducting in transacting business online, Defendants have committed injury to the business reputation of Port of New Orleans by causing confusion and/or mistake and/or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 114(1).

74. Plaintiff seeks to enjoin and restrain Defendant from using, practicing and enforcing Defendants' use of the term PORT OF NEW ORLEANS parking services in commerce, and damages resulting from its activities and attorneys and costs of this action.

### Count 5, Declaratory Judgment of Infringement, Unfair Competition, Dilution, and Injunction of Continued Use

75. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 74 of this Complaint.

76. For the reasons set forth in detail above, Plaintiff is entitled under Lanham Act § 37 (15 USC § 1119) and 28 USC § 2201(a) to a declaratory judgment declaring that Defendants' use of the "Port of New Orleans" name and mark: (a) causes confusion, or mistake, or deceives the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) constitutes unfair competition and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) constitutes unfair competition and trademark infringement under state statutory and/or common law; (d) constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (e) constitutes dilution in violation of statutory or common law.

77. Plaintiff is entitled under Lanham Act § 34 (15 USC § 1116) to an injunction against any continued use of any term containing the words "Port of New Orleans" by Defendants.

### LOUISIANA STATE-LAW CLAIMS

### Count 5, Louisiana Unfair Competition & Trade Practices Claim

78. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 77 of this Complaint.

79. The complained-of actions of Defendants causing ascertainable losses to Plaintiff Port of New Orleans, as set forth in detail above, are unfair competition and unfair or deceptive acts or practices in violation of the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.,* which entitles Plaintiff to compensable damages.

80. Plaintiff seeks to enjoin and restrain Defendants from using, practicing and advertising parking services while incorporating the term PORT OF NEW ORLEANS and damages resulting from its activities, and attorneys fees and costs of this action.

81. Plaintiff is entitled under the LUTPA to recover damages for Defendants' unfair-competition injury.

82. Plaintiff is entitled under the LUTPA to recover treble damages and reasonable attorney fees for Defendants' false or willful actions.

### Count 6, Louisiana Dilution Claim

83. Plaintiff hereby alleges and incorporates by reference the allegations of paragraphs 1 through 82 of this Complaint.

84. By Defendants' conduct utilizing the term "Port of New Orleans Parking" to transact business online, Defendants have committed injury to the business reputation of Plaintiff and have diluted the distinctive quality of Port of New Orleans' superior mark pursuant to LA R.S. 51:223.1.

85. Plaintiff seeks to enjoin and restrain Defendants from using, practicing, and advertising Defendants' "Port of New Orleans Parking" services in commerce and damages resulting from its activities, and attorneys and costs of this action.

### RELIEF REQUESTED

86. WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant ordering and declaring:

87. Plaintiff has the exclusive right to use the mark PORT OF NEW ORLEANS in a transportation and storage services context on or in connection with the following goods and services: harbor, port, and parking and with any other goods or services in a manner to suggest a connection to Port of New Orleans.

88. That Defendants, and each of their officers, directors, agents, servants, employees, and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from:

89. Using on or in connection with the manufacture, advertisement, promotion, displaying for sale, distribution of any articles or merchandise, advertising of services or for any purpose whatsoever, the designation PORT OF NEW ORLEANS in a context indicative of transportation, storage, and parking services in commerce.

90. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the Defendants' services originated with or are the services of Plaintiff, or that there is any affiliation or connection between Plaintiff and Defendant or their products and from otherwise unfairly competing with Plaintiff, including using or in connection with the production, manufacture, advertisement, domain name, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise or service, or for any purpose whatsoever, the mark PORT OF NEW ORLEANS in commerce.

91. Using any mark in a manner as to dilute the distinctive quality of Plaintiff's PORT OF NEW ORLEANS mark.

92. Applying for registration of any trademark or service mark or domain name containing the designation PORT OF NEW ORLEANS.

93. That Defendants be required pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with this Court and to serve upon Plaintiff within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report by Defendants

under oath setting forth in detail the manner in which Defendants have complied with this injunction.

94. That Defendants be required to pay damages, enhanced damages, treble damages, costs, and interest in an amount to be determined by this Court.

95. Awarding damages to compensate Plaintiff for Defendants' acts of unfair competition, unfair trade practices, violation of the Lanham Act, and Louisiana law, and all such other and further relief as is available at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

96. That Plaintiff recover reasonable attorney's fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117 and LSA-R.S. 51:1434.

97. That Plaintiff recover its taxable costs and disbursements herein.

Date: December 7, 2015              Respectfully submitted,

                                    */s./ Thomas S. Keaty*

                                    Keaty Law Firm
                                    Thomas S. Keaty – 7666, T.A.
                                    365 Canal Street, Suite 2410
                                    New Orleans, Louisiana 70130
                                    (504) 524-2100
                                    tskeaty@keatypatentfirm.com

                                    *Attorney for Plaintiff Board of Commissioners of the Port of New Orleans*