```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **THE BOARD OF COMMISSIONERS**<br>**OF THE PORT OF NEW ORLEANS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6527** |
| **MARK STERN, ET AL.** | **SECTION "B"(3)** |

## ORDER

Considering the foregoing "Joint Motion for Entry of Stipulated Permanent Injunction" (Rec. Doc. 63),

**IT IS ORDERED** that the Motion is **GRANTED** and that the following stipulation be entered:

WHEREAS, Plaintiff The Board of Commissioners of the Port of New Orleans (hereinafter "Port") and Defendants Mark Stern and Grubb Young & Co. (hereinafter collectively "Defendants"), referred to collectively as the "Parties," desire to resolve this litigation in its entirety, conserve judicial resources, and avoid further expense, uncertainty, and inconvenience, amongst other burdens associated with prolonged litigation, and pursuant to the Parties' compromise as acknowledged by the Court and the executed settlement agreement arising therefrom, hereby stipulate to the entry of this Stipulated Permanent Injunction against Defendants; and

WHEREAS, in exchange for the dismissal of the above-captioned action on the merits, Defendants shall make an agreed upon

compensatory payment and be subject to the stipulated permanent injunction, as outlined herein.

NOW THEREFORE, **IT IS HEREBY STIPULATED AND AGREED** by the Port and Defendants:

1. "Port of New Orleans Marks" hereinafter refers to any trademark and/or service mark, and the goodwill associated therewith, wherefrom the Port holds or may hold any accompanying right in, or right to use or to exploit, including without limitation the Port's numerous federal service mark and trademark registrations incorporating the text "PORT OF NEW ORLEANS," including the designs as depicted below, in addition to any other mark whereby the Port obtained or may obtain common law rights thereon, and any registration that may arise therefrom.




2. The Port of New Orleans Marks are valid and enforceable, and the Port is obligated to protect its rights thereto.
3. This United States District Court for the Eastern District of Louisiana is the proper forum for the above-captioned action

as this Court is the proper venue and may properly exercise jurisdiction over the Parties and the subject matter at issue.

4. The Port accordingly and appropriately brought claims under federal, state, and common law against Defendants in the above-captioned action, pursuant to Sections 32 and 43 of the Lanham Act, codified as 15 U.S.C. §§ 1114 and 1125, state statutory law, including La. Rev. Stat. 51:1401, *et seq.*, and La. Rev. Stat. 51:223.1, and common law as related to trademark infringement, in consequence of the actionable conduct of Defendants, including as alleged their registration and use of the online domain name, [www.portofneworleansparking.com], and conduct of advertising, marketing, and promoting parking services bearing Port of New Orleans Marks, constituting as trademark infringement, unfair competition, and dilution of the Port of New Orleans Marks.

5. Entry and enforcement of this Stipulated Permanent Injunction against Defendants is therefore within the authority of this Court, as it will achieve the purposes of the Lanham Act, State of Louisiana law, and common law as related to trademark infringement.

6. Consequently, Defendants, along with their officers, agents, servants, employees, representatives, successors and assignees, and all other persons or entities acting in concert or participation with them as provided in Fed. R. Civ. P. 65,

shall be and are each hereby **PERMANENTLY ENJOINED** and **RESTRAINED** from:

a. Using the Port of New Orleans Marks in connection with any advertising, including any online or offline advertisement or promotion of Defendants' goods and/or services or any of its clients' or customers' goods and/or services, whether it is initiated by Defendants or whether it is created on Defendants' behalf or on the behalf of Defendants' clients or customers, and including without limitation use of key words or search terms to influence or monitor internet searches, links, or advertisements, and including the generation of "impressions" in response to the use by consumers of certain words in internet searches to publish advertisements to those consumers;

b. Using the Port of New Orleans Marks in connection with any sale of any goods and/or services;

c. Using on or in connection with the manufacture, advertisement, promotion, displaying for sale, distribution of any articles or merchandise, advertising of services or for any purpose whatsoever, the designation "Port of New Orleans" in any context including, *inter alia,* a context indicative of transportation, storage, and parking services in commerce;

   d. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the Defendants' services originated with or are the services of the Port, or that there is any affiliation or connection between the Port and Defendants or their products and Defendants will refrain from otherwise unfairly competing with the Port, including using on or in connection with the production, manufacture, advertisement, domain name, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise or service, or for any purpose whatsoever, the mark "Port of New Orleans" in commerce;
   e. Using any mark in a manner as to dilute the distinctive quality of the Port of New Orleans Marks without written consent from the Port; and
   f. Applying for registration of any trademark or service mark or domain containing the designation "Port of New Orleans".
7. The Court shall retain jurisdiction to entertain and resolve such future disputes and proceedings and to enter such further orders as may be appropriate to implement and/or enforce the provisions of this Stipulated Permanent Injunction, whereupon proof of any violation, the Court shall be authorized to

5

enjoin any future violation, award damages, and other relief available at law or in equity, including the recovery of reasonable attorney's fees and costs associated with correcting such violation.

New Orleans, Louisiana, this 9th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE